IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Valerie D. Mason-Colwell,                           Case No. 3:15 CV 1790

                              Plaintiff,            ORDER DENYING BENEFITS

              -vs-
                                                    JUDGE JACK ZOUHARY
Commissioner of Social Security,

                              Defendant.

## INTRODUCTION

The Commissioner of Social Security denied Plaintiff Valerie Mason-Colwell disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Mason-Colwell timely filed a Complaint seeking judicial review of that decision (Doc. 1). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge James Knepp for a Report and Recommendation ("R&R") under Local Rule 72.2(b)(2). Following briefing (Docs. 11, 14, 17), the Magistrate Judge recommends this Court affirm the final decision of the Commissioner denying Mason-Colwell's claim for DIB and SSI (Doc. 18).

This matter is now before this Court on Mason-Colwell's Objection to the R&R (Doc. 19) and the Commissioner's Response (Doc. 20). This Court has reviewed *de novo* the Magistrate Judge's findings in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C). For the reasons below, this Court adopts the R&R and denies the claim for benefits.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 18 at 1–18).  Briefly, Mason-Colwell was fifty years old at the time of the hearing.  She has a high school education and past work experience as a hand packager and production assembler (Tr. at 34, 58–59).  She claims DIB and SSI on the basis of back and hip problems, chronic obstructive pulmonary disease ("COPD"), type 2 diabetes, migraine headaches, sleep apnea, hypertension, obesity, depression, anxiety, borderline intellectual functioning, and a learning disorder (Tr. at 12, 69).

## STANDARD OF REVIEW

In reviewing a denial of DIB or SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (citations omitted).  The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).  Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003).

2

DISCUSSION

**Residual Functional Capacity Limitations**

Mason-Colwell argues the ALJ's assessment of her physical residual functional capacity ("RFC") was not supported by substantial evidence.  Specifically, Mason-Colwell challenges the ALJ's determinations that she could walk for three hours in an eight-hour workday and occasionally climb stairs and ramps, balance, stoop, and kneel (Tr. at 14).  The ALJ reached these conclusions based on the opinions of two State agency physicians and a consultative examiner.  These are reliable sources upon which to base an RFC.  *See* 20 C.F.R. § 404.1527(e)(2)(i).  The ALJ afforded "significant weight" to the opinions of the State agency physicians, but "greatest weight" to the opinion of the consultative examiner, Dr. Babatunde Omamusi, based on Dr. Omamusi's personal observation and examination of Mason-Colwell (Tr. at 17).  Accordingly, the ALJ adopted Dr. Omamusi's more stringent limitations in the RFC.

Mason-Colwell objects that these limitations are "absurd" and cannot be based on substantial evidence because "a reasonable mind would not accept them."  She argues, citing *Fleischer v. Astrue*, 774 F. Supp. 2d 875 (N.D. Ohio 2011), there is no "logical bridge" between her physical impairments -- obesity, COPD -- and the limitations adopted by the ALJ.  Mason-Colwell misinterprets *Fleischer*.  As that case made clear, an ALJ is required to "sufficiently explain[] his reasons" for reaching a certain conclusion -- in other words, "to provide a 'logical bridge between the evidence on record and his conclusion.'" *Id.* at 878–79.  Here, the ALJ cited three uncontested medical opinions in support of her RFC determinations (Tr. at 17).  Those opinions were consistent with Mason-Colwell's medical records as a whole (Tr. at 16; *see* Doc. 18 at 24–25).  Mason-Colwell had the opportunity to present any contrary medical opinions regarding her limitations to the ALJ; she cites no such evidence.  *See*

3

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005) ("[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

Mason-Colwell further objects that the ALJ failed to consider all of her limitations in evaluating her RFC.  She suggests (1) her impairments require more extensive breaks -- *e.g.*, to rest, check her blood sugar, or nebulize -- than accounted for in the RFC; (2) her history of migraines requires a noise restriction; and (3) her combination of osteoarthritis, back pain, and hip pain supports a sit/stand limitation.  Again, Mason-Colwell identifies no medical evidence before the ALJ that would mandate these additional limitations.  Rather, these objections appear to be based on her subjective complaints.  "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F.3d at 476.  The ALJ found Mason-Colwell's credibility "diminished" (Tr. at 16), and Mason-Colwell does not contest that assessment.

### Dr. Pawloski's Opinion

Mason-Colwell argues the ALJ failed to properly weigh the opinion of consultative examining psychologist Dr. Brithany Pawloski.  The ALJ gave "significant weight" to Dr. Pawloski's opinion, finding it "reasonable in light of [Mason-Colwell's] medical records" (Tr. 19).  However, the ALJ did not adopt Dr. Pawloski's conclusions that (1) Mason-Colwell was reliable, and (2) exposure to a work environment could damage her mental health (Tr. at 813–14).

Mason-Colwell objects that by adopting some, but not all, of Dr. Pawloski's opinion, the ALJ improperly engaged in "picking and choosing."  *See Wilkerson v. Comm'r of Soc. Sec.*, 2010 WL 817307, at *14 (S.D. Ohio 2010).  Her argument misinterprets the case law.  An ALJ "must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."

4

*Id.* (citation omitted); *see also McQuin v. Comm'r of Soc. Sec.*, 2014 WL 1369674, at *4 (N.D. Ohio 2014) ("If the '[ALJ] failed to consider pertinent evidence, although it was available in the record, [the] matter must be remanded for further administrative proceedings.'") (citation omitted). Consideration of a piece of evidence does not mean the ALJ is required to adopt it.  Here, the ALJ considered all of the record evidence, including Dr. Pawloski's opinion, and incorporated Dr. Pawloski's findings into his assessment of Mason-Colwell's RFC (Tr. at 14, 18–19, 813–14).

As correctly stated in the R&R, certain issues are reserved to the Commissioner (Doc. 18 at 21–22).  These include both credibility determinations and the RFC itself.  *See, e.g.*, *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) ("Precedent in this circuit and agency rulings support the ALJ's conclusion that [the physician's] opinion of [the claimant's] credibility addresses one of the issues reserved to the Commissioner and therefore is not a medical opinion requiring consideration."); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("The responsibility for determining a claimant's residual functional capacity rests with the ALJ, not a physician.").  The ALJ did not err in affording substantial weight to Dr. Pawloski's clinical findings while declining to adopt her conclusions on dispositive issues.

## CONCLUSION

Mason-Colwell's Objection (Doc. 19) is overruled, and this Court adopts the R&R (Doc. 18). Substantial evidence supports the finding that Mason-Colwell was not disabled.  The claim for benefits is therefore denied.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 14, 2016

5